# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1527
Lower Tribunal No. 19-17355-CA-01

————————————

## Coloplast Corporation, et al.,
Appellants,

vs.

## MSP Recovery Claims, Series, LLC, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

King & Spalding LLP and Val Leppert, for appellants.

MSP Recovery Law Firm and, Aida M. Landa, and Janpaul Portal, for appellees.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

FERNANDEZ, J.

Defendants Coloplast Corporation and Coloplast Manufacturing US, LLC, (collectively, "Coloplast") appeal the trial court's order denying their second amended motion to dismiss. In MSP Recovery Claims, Series LLC v. Coloplast Corp., 353 So. 3d 705, 707-08 (Fla. 3d DCA 2023), ("Coloplast I)" this Court held that MSP did not allege a basis for personal jurisdiction over Coloplast in Florida for a pure bill of discovery suit that was almost identical to the case currently before this Court. We held that MSP's insurance reimbursement claims lack a "substantive connection" to Coloplast's activities in Florida. Id.

MSP now contends that its current case before this Court is different because MSP added more allegations under the business-venture prong of Florida's long-arm statute. § 48.193(1)(a)(1), Fla. Stat. (2023). Thus, it argues, Coloplast I is inapplicable. However, in our recent opinion in Atrium Medical Corporation v. MSP Recovery Claims, Series LLC, 402 So. 3d 1188, 1189 (Fla. 3d DCA 2025), we did not agree with MSP's position that it had established jurisdiction for a pure bill of discovery against Coloplast, a foreign medical device manufacturer, including under the business venture prong. We thus held Coloplast I was "directly on point" and applicable. Id. Accordingly, Coloplast I is applicable here, and the trial court erred in denying Coloplast's motion to dismiss.

In addition, in <u>Coloplast I</u>, MSP filed three complaints, none of which alleged sufficient facts to establish jurisdiction. In the case before us now, MSP has filed three complaints in the underlying action. Because MSP is not able to amend the complaint to show the claim's required causal connection to Florida, we remand the case and instruct the trial court to dismiss with prejudice. <u>See</u> <u>MSP Recovery Claims, Series LLC v. Hereford Ins. Co.</u>, 2022 WL118387, at *5, *11 (S.D.N.Y. Jan. 11, 2022) (denying leave to amend following dismissal in part after MSP amended the complaint once because "MSP has brought a number of these cases across the country, and, as a result, was 'on notice from the outset that the [alleged pleading deficiency, in this case standing,] would be front and center.'"), <u>aff'd</u>, 66 F.4th 77 (2d Cir. 2023).

Reversed and remanded with instructions.